UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Marisela Amaro,<br><br>           Plaintiff,<br><br>-against-<br><br>BJ's Wholesale Club, BJ's Wholesale Club Holdings, Inc., Home Basics, Inc., John Doe 1-10, (fictitious) and ABC Corp. 11-20 (fictitious)<br><br>           Defendants. | **NOTICE OF REMOVAL**<br><br>**CIVIL ACTION NO.:**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT BJ'S WHOLESALE CLUB, INC.'S**
**NOTICE OF REMOVAL**

Defendant BJ's Wholesale Club, Inc. (hereinafter referred to as "BJ's" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §1441(a) and (b) to remove this action from the Superior Court of New Jersey, Law Division, Passaic County, where it is now pending, to the United States District Court for the District of New Jersey. Defendant, in support thereof, states as follows:

1. A Civil Action has been brought against Defendant by the Plaintiff Marisela Amaro ("Plaintiff") and is pending in the Superior Court of New Jersey, Law Division, Passaic County, docket number PAS-L-001507-21. A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2. The State Court wherein this action was originally filed is located in Passaic County, New Jersey, which is embraced within this jurisdictional district.

3. Defendant interposed its Answer on May 18, 2021. A copy of Defendant's Answer is attached hereto as Exhibit "B".

4. Removal from the Superior Court of New Jersey Law Division, Passaic County is proper under 28 U.S.C. §§1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

5. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties in interest properly joined and served are citizens of different states, and the matter in controversy exceeds $75,000.00 as set forth below.

6. Specifically, in the alleged accident that is the subject of Plaintiff's Complaint, Plaintiff claims that on May 6, 2019, as a result of alleged violations of the New Jersey Consumer Products Liability Act, violations of the New Jersey Consumer Fraud Act and violations of Express Warranty, she was caused to sustain "serious and permanent injuries" for which she "will in the future be prevented from engaging in her usual pursuits and occupations" and "will in the future be required to expense substantial sums of money for medical treatment in an effort to effect a cure for her said injuries." See Exhibit "A".

7. Plaintiff further contends that she "suffered medical expenses, lost wages and other ascertainable losses as a result of Defendant(s) actions and/or inactions. See Exhibit "A", Second Count, ¶7.

8. Plaintiff's Complaint seeks "statutory, treble and/or punitive damages, attorney's fees and cost of suit." See Exhibit "A", Wherefore Clause.

9. In order to clarify the amount of damages at issue, on May 14, 2021, Defendant served Plaintiff with a stipulation to limit damages to $75,000, and advised that if this was not signed, Defendant would remove this matter to the Federal Court. See correspondence of May 14, 2021, attached as Exhibit "C".

10. In that correspondence, counsel for Defendant advised Plaintiff's counsel that if the Stipulation to Limit Damages was not returned by May 19, 2021, Defendant would be removing this matter to the Federal Court immediately. See Exhibit "C".

11. Having received no response from plaintiff's counsel, on May 19, 2021, the undersigned followed up with counsel for plaintiff but again did not receive any response. See correspondence of May 19, 2021, attached as Exhibit "D".

12. As such, based on the allegations of serious and permanent bodily injuries, the allegations that plaintiff has "and will in the future be required to expense substantial sums of money for medical treatment", plaintiff's claims of lost wages, and plaintiff's seeking of "treble damages, punitive damages, cost of suit, interest, attorney's fees" and "any other relief" the court deems just and proper, and that Plaintiff has refused to sign a Stipulation Limiting Damages to $75,000, it is Defendant's position that Plaintiff is seeking an amount in excess of $75,000 and this Court does not have to guess as to whether this Court's jurisdictional threshold has been met. See Exhibits "A" - "D".

13. Furthermore, removal is proper as the parties are citizens of different states as Plaintiff is a citizen of New Jersey and Defendant BJ's Wholesale Club, Inc., is a Delaware corporation with a principal place of business in Massachusetts.

30021031.v2

14. Upon information contained in plaintiff's Complaint, co-defendant HOME BASICS, INC. is a corporation with company headquarters at 199 St. Patrick St. W. Fergus, ON, N1M 1L4 Canada.  See Exhibit A, ¶4).

15. While HOME BASICS, Inc. is also a named defendant, there is no indication that they have been served as of yet, thus their consent to removal is not required at this time.

16. Further this removal is timely, as this case was filed on or about May 5, 2021, and Defendant was served or otherwise received the Complaint shortly thereafter.  This Notice of Removal is being timely filed within 30 days of service on Defendant (or receipt by Defendant) of the Complaint, and within one year of the filing of the Complaint, pursuant to 28 U.S. Code § 1446.

17. Thus, removal from the Superior Court of New Jersey, Law Division, Passaic County is proper under 28 U.S.C. §1441(a) and (b).

18. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth above.  Based on Plaintiff's claims for disability, serious and permanent personal injuries, claims for punitive and treble damages, and that Plaintiff has refused to sign a Stipulation to Limit Damages to $75,000, it is Defendant's position that Plaintiff is seeking an amount in excess of $75,000, and this Court does not have to guess as to whether Plaintiff is seeking an amount in excess of $75,000.

19. Based on the foregoing, the requirements of 28 U.S.C. §1441(a) and (b), 1446 and 1332 have been satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant BJ's Wholesale Club, Inc. respectfully requests that the State Action be removed from the Superior Court of New Jersey, Law Division, Passaic County to the United States District Court for the District of New Jersey.

Dated: May 21, 2021

_____
Todd R. Harris, Esquire (TH0400)
**GOLDBERG SEGALLA LLP**
1037 Raymond Boulevard, Suite 1010
Newark, New Jersey 07102-5423
(973) 681-7000
Attorneys for Defendant BJ's Wholesale Club, Inc.

30021031.v2